Zucker Real Estate Corp. v Old Republic Natl. Tit. Ins. Co. (2023 NY Slip Op 00973)

Zucker Real Estate Corp. v Old Republic Natl. Tit. Ins. Co.

2023 NY Slip Op 00973

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 657701/19 Appeal No. 17387 Case No. 2022-04880 

[*1]Zucker Real Estate Corp., Plaintiff-Appellant,
v
Old Republic National Title Insurance Company, Defendant-Respondent.

Charles R. Cuneo, P.C., Huntington (Charles R. Cuneo of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York (David K. Fiveson of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about September 13, 2022, which granted defendant Old Republic National Title Insurance Company's motion for summary judgment dismissing the first cause of action and denied plaintiff Zucker Real Estate Corp.'s motion for summary judgment, unanimously affirmed, with costs.
The exception in Schedule B of the subject title insurance policy concerning the "[r]ights of tenants or other persons in possession" unambiguously applies to a dispute involving a person "in actual possession whose right was not of record" (236 W. 40th St. Corp. v Chicago Tit. Ins. Co., 54 AD3d 632 [1st Dept 2008]). Nonparty Milton Wilson's deed was not recorded in the chain of title as of March 31, 2016, the date plaintiff purchased the property; however, he was in possession of the premises. Thus, his right of title is excluded from coverage under the policy (cf. Herbil Holding Co. v Commonwealth Land Tit. Ins. Co., 183 AD2d 219, 226 [2d Dept 1992] [finding that "a defect arising from the rights of a person whose interest appears in the chain of title must be covered unless specifically excepted"]). That Wilson's mortgage was recorded in the chain of title on November 22, 1978, does not alter the fact that his deed was not recorded.
Also applicable were policy exclusions 3(a), which excluded adverse claims "assumed" by the insured claimant, and 3(b), which excluded those matters affecting title known to the insured claimant and not disclosed to Old Republic, but not known to Old Republic or recorded in the public record. Wilson's tax lien and notice of pendency was specifically listed as the fourth excepted item under Schedule B of the policy, thus plaintiff "assumed" responsibility for the tax foreclosure and attendant proceedings. In addition, plaintiff was also aware that prior to the March 31, 2016 closing, Wilson was "placing tenants and collecting rents" at the premises, which should have triggered the duty to inquire of a possessor (see Herbil Holding Co., 183 AD2d at 224).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023